UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
STACYANN CAMPBELL,

                           Plaintiff,

-against-

ELRAC, INC. d/b/a ENTERPRISE RENT-A-CAR CO. and
SHANNOT CARDOZA,

                           Defendants.
------------------------------------------------------------X

Civil No. 08 CV 0466

ANSWER

JURY DEMANDED

      Defendants, ENTERPRISE RENT-A-CAR COMPANY OF RHODE ISLAND incorrectly sued herein as ELRAC, INC. d/b/a ENTERPRISE RENT-A-CAR CO. and SHANNOT CARDOZA, by their attorneys, BRAND & GLICK BRAND, P.C., answering the Complaint of the plaintiff, allege as follows:

      1:     Deny knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraphs of the complaint designated "1", "4", "6", "7", "8", "13" and "14".

      2:     Deny as to each and every allegation contained in the paragraph of the complaint designated "2", "9", "10", "11", "12", "15" and "16".

      3:     Admit as to each and every allegation contained in the paragraphs of the complaint designated "3" and "5".

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

      4:     That plaintiff's sole and exclusive remedy is confined and limited to the benefits and provisions of Article 51 of the Insurance Law of the State of New York.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

      5:     That plaintiff did not sustain serious injury as defined by Section 5102(d) of the Insurance Law of the State of New York and plaintiff's exclusive remedy is confined and limited to the benefits and provisions of Article 51 of the Insurance Law of the State of New York.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

6:  The plaintiff's causes of action are barred by Article 51, Section 5104 of the Insurance Law of the State of New York.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

7:  The plaintiff failed and neglected to properly utilize, adjust and/or fasten automobile safety and/or seat belts which were available to plaintiff, or should have been available, thereby increasing plaintiff's injuries and/or damages.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

8:  In the event that plaintiff recovers a verdict or judgment for damages herein, the amount of said verdict or judgment must be reduced by the proportion which the culpable conduct attributable to the plaintiff, including assumption of risk, bears to the culpable conduct which allegedly caused the damages.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

9:  That any verdict in the within action for past, present and future medical care, dental care, custodial care or rehabilitation services, loss of earnings or other economic loss, should be reduced by the amount that any such expense has or will with reasonable certainty be replaced or indemnified in whole or in part from any collateral source, in accordance with the provisions and limitations of Section 4545 (c) of the CPLR.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

10:  That the Court does not have jurisdiction over the person of the defendant herein, in that the summons and complaint was not personally served upon the defendant, nor was service otherwise effected in compliance with the provisions of the Civil Practice Law and Rules.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

11:  ELRAC, INC. is not responsible for the acts/omissions of its vehicle operator nor is it vicariously responsible for the acts/omissions of its vehicle operator pursuant to the provisions of the Federal Transportation Equity Act.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

12: Defendant reserves the right to claim the protections, benefits and limitation on liability set forth under Article 16 of the CPLR.

WHEREFORE, answering defendants demand judgment dismissing the complaint herein, together with the costs and disbursements of this action; together with such other and further relief as is proper.

Dated:     Garden City, New York
           January 22, 2008

                              BRAND GLICK & BRAND

                              By:_____
                              PETER M. KHRINENKO(PMK-9407)
                              Attorneys for Defendant(s)
                              600 Old Country Rd., Ste. 440
                              Garden City, New York  11530
                              (516) 746-3500

TO:

David P. Lesch, Esq.
Attys. for Plaintiff(s)
860 Grand Concourse
Bronx, NY 10451
718-292-1131

## AFFIDAVIT OF SERVICE BY MAIL

STATE OF NEW YORK  )
               ss.:
COUNTY OF NASSAU  )

      Silvia R. DiCandia, being duly sworn, deposes and says:

      Deponent is not a party to this action, is over 18 years of age and resides at Nassau County, New York.

      That on the _____ day of January, 2008 deponent served the within **ANSWER** upon:

David P. Lesch, Esq.
Attys. for Plaintiff(s)
860 Grand Concourse
Bronx, NY 10451

the addresses designated for that purpose, by depositing a true copy of same enclosed in a postpaid, properly addressed wrapper, in a post office - official depository under the exclusive care and custody of the United States Postal Service within New York State.

                                          _____
                                          SILVIA R. DiCANDIA

Sworn to before me this
_____ day of January, 2008.


_____
Notary Public

CV

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

STACYANN CAMPBELL,

                              Plaintiff,

    -against-

ELRAC, INC. d/b/a ENTERPRISE RENT-A-CAR CO. and SHANNOT CARDOZA,

                              Defendants.

**ANSWER**

---------------------------------------------------------------
Signature (rule 130-1.1-a)
---------------------------------------------------------------
print name beneath
---------------------------------------------------------------

**BRAND GLICK & BRAND**
Attorneys for Defendant(s)
**600 Old Country Rd., Ste. 440
Garden City, New York  11530
(516) 746-3500**